# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

### V.

JOSE MANUEL LISAMA-SIERRA
*Defendant*

### ORDER OF DETENTION PENDING TRIAL

Case Number: 11-30499

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in

    _____*

    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

CONTINUE ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 16, 2011 | s/ Mona K. Majzoub - United States Magistrate Judge |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is charged by way of federal criminal complaint with illegal re-entry after deportation. He is a native and citizen of Honduras, and is not a citizen of the United States. There is an ICE detainer/hold on him at the present time. He is currently on probation.

Defendant is married to a United States citizen, however they are currently estranged, due the fact that she was the victim of his assault earlier this year. Specifically, on June 4, 2011 Defendant was charged with Felony Assault with a Dangerous Weapon, Misdemeanor Interfering with Crime Report, and Misdemeanor Domestic Violence. On August 11, 2011 Defendant plead guilty to Felony Assault with a Dangerous Weapon and was sentenced to four months custody and one year of probation.

If released Defendant does not propose to live at his motor home with his wife, due to the circumstances that got him arrested and jailed, but would live with Isela Vegas, the sister of Defendant's brother in law, at her home.

Defendant has been unemployed for 18 months, but was employed as a roofer at University Roofing in Ypsilanti, Michigan for one year, earning $13 hourly. He has no assets, and pays $389 in monthly rent.

Defendant's criminal history discloses that in 2000 he was found to have illegally entered the country, was picked up in Laredo, Texas, and was deported on March 28, 2000. By 2007 he had again illegally entered the country, as he was arrested on Orleans Parish, Louisiana for reckless driving. It is unknown as to exactly when he re-entered the country after his March 28, 2000 deportation.

As stated above, he was arrested again on June 4, 2011 in Van Buren Township for Felony Assault with a Dangerous Weapon, to which he pled guilty, and was sentenced to four months of custody, followed by a year of probation.

Defendant is currently on probation for having committed a crime of violence to which he plead guilty. He is in the country illegally. He has been previously deported. He has an immigration detainer on him at the present time. He currently faces incarceration and deportation if found guilty on the instant charges. This court finds by a preponderance of the evidence that defendant poses a risk of flight and that there is no condition or combination of conditions that will assure his appearance in Court. Detention is therefore Ordered.

